HALL, Judge.
The state contends that the trial court erred when it granted the appellee's motion to suppress evidence seized and statements made during the warrantless arrest of the appellee at his residence. We agree.
At the hearing on the motion to suppress the following facts were elicited from the testimony of Officers Godwin and Canino. Pursuant to statements made by the victim and an eyewitness, the officers proceeded to the appellee’s residence to arrest the appellee on a charge of aggravated battery. The officers were greeted at the front door by the appellee’s wife, who knew Officer Canino. Canino chatted with the wife briefly and then asked her to get *341 the appellee, which she did. The appellee came out of the house stating that he did not shoot “him” and does not even have a gun. Canino searched the appellee and found a clip of ammunition on his person. While Canino was arresting the appellee, the appellee stated several times that his wife bought the gun. The wife then brought out receipts for the gun. Canino asked her where the gun was located, and the wife told her to come inside and she would show Canino where it was. The wife opened a chest drawer, and Canino seized the gun that was in the drawer. The appellee testified that the chest was jointly owned by him and his wife.
The state argues that the warrantless arrest of the appellee was valid because it was conducted outside of the appellee’s residence after the appellee had been asked to come outside and voluntarily complied. In support of its argument, the state cites Byrd v. State, 481 So.2d 468 (Fla.1985), cert. denied, 476 U.S. 1153, 106 S.Ct. 2261, 90 L.Ed.2d 705 (1986), in which case the supreme court held a warrantless arrest in a residence valid because the defendant consented to the law enforcement officers’ entry into his residence. The state also argues that the warrantless seizure of the gun was valid since the appellee’s wife voluntarily directed Officer Canino to the chest in which the gun was located.
The appellee argues that Byrd does not apply because he was ordered out of his residence and grabbed and searched upon his exit.
Absent exigent circumstances, an arrest inside a residence must be conducted pursuant to a warrant, Payton v. New York, 445 U.S. 573,100 S.Ct. 1371, 63 L.Ed. 2d 639 (1980), or consensual entry, Byrd. The record in the instant case clearly reveals that the appellee was arrested outside of his residence after he voluntarily exited the residence. Thus, Payton does not apply. As the supreme court stated in Byrd, “[tjhere is no question that if appellant had been asked to step outside and had complied, the warrantless arrest outside the room would have been proper and Pay-ton would not apply.” 481 So.2d at 472.
Accordingly, the warrantless arrest of the appellee was valid.
The seizure of the gun was also valid. “Where two people have common authority to use, occupy, or possess effects or premises, either may consent to a search.” State v. Brown, 408 So.2d 846 (Fla. 2d DCA 1982). In the instant case the appellee’s wife voluntarily directed Officer Canino to the chest, which the appellee testified he and his wife jointly owned, in which the gun was located.
Since the warrantless arrest of the appel-lee and the warrantless seizure of the gun were valid, the trial court erred in granting the appellee’s motion to suppress. Accordingly, we reverse the order of suppression and remand for further proceedings consistent with this opinion.
Reversed and remanded.
RYDER, A.C.J., and FRANK, J., concur.